No. 72,656

In the Matter of WILLIAM S. ENGLAND, *Respondent.*

(894 P.2d 177)

Opinion filed March 10, 1995.

*Marty M. Snyder,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, and *Stanton A. Hazlett,* deputy disciplinary administrator, were with her on the formal complaint for petitioner.

*William S. England,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested disciplinary proceeding. The parties stipulated to the following facts:

William S. England was a 1990 graduate of the School of Law of the University of Missouri-Kansas City. He was admitted to practice in Missouri in the same year. In 1992, respondent was retained by CheckRite International, Inc., (CheckRite) to collect bad checks issued by Missouri and Kansas residents to customers of CheckRite. Respondent sought and obtained admission to the Kansas bar in 1992 in order to collect CheckRite checks in Kansas.

In the summer of 1993, CheckRite terminated respondent's employment. At the time of the termination respondent had possession of 363 checks, with a face value of $19,514, which had been turned over to him for collection by CheckRite. Despite repeated requests for the return of the checks, the checks were not returned. Complaints were filed with the office of the Disciplinary Administrator by CheckRite and one of its customers (Jiffy Lube). A Kansas City area attorney was assigned the investigation. After contact by the investigating attorney, respondent turned over checks in his possession to the attorney as well as $882.78 from his trust account which was the property of CheckRite. Forty checks were found to be unaccounted for. Complainants did not seek restitution for the missing checks.

The hearing panel found respondent had violated MRPC 1.3 (1994 Kan. Ct. R. Annot. 297) (failing to act with reasonable diligence and promptness in representing a client); MRPC 1.4 (1994 Kan. Ct. R. Annot. 302) (failing to keep a client reasonably in-

formed about the status of a matter and promptly complying with reasonable requests for information); MRPC 1.15(b) (1994 Kan. Ct. R. Annot. 332) (failing to notify a client of the receipt of funds or property in which the client has an interest); and MRPC 1.16(d) (1994 Kan. Ct. R. Annot. 338) (failing, upon termination of representation, to take reasonable steps to protect a client's interests).

The panel then made the following additional findings and recommendation of discipline:

### "MITIGATION AND AGGRAVATION

"The panel is advised Respondent has no prior disciplinary record. There was no evidence or suggestion that Respondent sought to enrich himself by his conduct. At the hearing, Respondent accepted full responsibility for his actions and apologized for his behavior. Respondent stated during the late summer and fall of 1993, he did not intentionally fail to timely respond to CheckRite. Respondent attributed the closing of his office and change of his address to his problems with receipt of mail.

"Respondent is not actively practicing law at this time. At the time of the complaints, Respondent's legal business consisted primarily of the CheckRite account, except for some minor traffic offense cases in the State of Missouri. Respondent is inexperienced in the practice of law.

"Respondent was suspended by the Clerk of the Appellate Courts of Kansas and the Office of Continuing Legal Education on November 4, 1993, for failing to comply with continuing legal education requirements and failure to pay his fees. He was reinstated January of 1994 after demonstrating compliance.

"During the summer of 1994, Respondent assisted an attorney-friend in Missouri on some personal injury cases. When asked by the panel, Respondent candidly admitted he has again this year failed to complete his CLE requirements for the State of Kansas or pay his fees. Respondent has been notified he has until November 1, 1994, to satisfy his continuing legal education requirements and pay his fees.

### "RECOMMENDATION

"The Deputy Disciplinary Administrator has recommended that Respondent be publicly censured due to his lack of experience in the practice of law, unselfish motives and his cooperation with the Office of the Disciplinary Administrator in the later stages of its investigation and the disciplinary proceedings. The panel will accept this recommendation due to the state of the record before it that Respondent apparently has made restitution to the complainants' satisfaction and this is Respondent's first disciplinary complaint. The panel further notes there was no evidence presented that Respondent has practiced law in Kansas since

his recent notice for noncompliance from the Office of Continuing Legal Education."

It should be noted, as an update, that respondent failed to satisfy his 1994 continuing legal education requirements or pay the required fee. He was suspended for this noncompliance in November 1994 and remains suspended.

The court, after due consideration, accepts the panel's findings, conclusions, and recommendation of published censure.

IT IS THEREFORE ORDERED that William S. England be, and he is hereby, disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (1994 Kan. Ct. R. Annot. 189) for his violation of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to respondent.